```
 1  GOLD and HAMMES, Attorneys   #80100 & 80149
    1570 The Alameda #223
 2  San Jose, CA 95126
    (408) 297-8750
 3  Attorneys for Debtor(s)
 4                      UNITED STATES BANKRUPTCY COURT
                         NORTHERN DISTRICT OF CALIFORNIA
 5
 6  In re:                                    Chapter 13
             DAVID MICHAEL THOMPSON            Case No.   10-5-6223 ASW
             THELMA THOMPSON
 7
                                               MOTION TO APPROVE LOAN MODIFICATION
 8
 9  Debtor(s)
                                          /
10
```

The Debtor(s) hereby move the Court for an order approving a loan modification entered into by and between the Debtor(s) herein and Creditor <u>Chase-Washington Mutual; Chase Home Finance, LLC</u>, as follows:

1. The Debtor(s) commenced this case on <u>June 15, 2010</u> and filed the proposed Chapter 13 plan therewith, as it may have been later amended or modified. The Chapter 13 plan in this case [has /~~has not~~] been confirmed.

2. Included on Debtor(s)' Schedule A filed herein is the Debtor(s)' real property commonly known as <u>6986 Gregorich Dr #D, San Jose CA 95138</u>.

3. Creditor has a claim secured by a consensual lien in the form of a Deed of Trust encumbering said property and recorded on <u>April 18, 2006</u>, in the Official Records of <u>Santa Clara</u> County as Document No. <u>18890690</u>.

4. In the event that Creditor was not the original lender, Creditor asserts that all rights, title and interest in the loan were subsequently transferred to Creditor by the original lender in a legally enforceable manner.

5. Creditor asserts that said loan encumbers said property in preference to any other voluntary lien recorded with regard to said property, making the loan the "first" or senior Deed of Trust encumbering said property.

6. Creditor and Debtor(s) have agreed to modify the loan pursuant to the terms set forth in the

1

document attached to the Debtor(s)' Declaration and further described in Debtor(s)' Counsel's Declaration filed herewith.

7. Court approval of said loan modification is in the best interest of Debtor(s)' bankruptcy estate and creditors, since it will enhance the likelihood of success of the Chapter 13 case.

WHEREFORE, Debtor(s) respectfully request that the Court order that:

1. Creditor's offer and Debtor(s)' acceptance of the loan modification and recordation of it with the appropriate county recorder's office shall not constitute a violation of the automatic stay pursuant to 11 U.S.C. § 362;

2. The terms of the loan modification shall supersede the confirmed Chapter 13 plan with regard to payments on account of said loan for claims of Creditor, any predecessor or original lender, and any other successor, agent, or assign, as may have been provided for in said confirmed Chapter 13 plan;

3. The Trustee shall cease making any payments on Creditor's arrears claims filed in this case (and such arrears claim of any other claimant based upon this first Deed of Trust), and said arrears claim shall be considered fully satisfied by means of said loan modification, without requiring further objection by Debtor(s);

4. The loan modification shall be effective as of the earlier date of the date of Debtor(s)' execution of said loan modification or the date provided in the loan modification document, if any;

5. If the modified loan payments include an impound or escrow account (for payment of property taxes and/or insurance), within thirty (30) days of the order approving this loan modification, Creditor shall account for all payments received from Debtor(s) since the effective date of the loan modification, shall account for all transactions into or out of the impound or escrow account since the effective date of the loan modification, and shall refund to Debtor(s) any excess in the impound or escrow account according to the accounting. Creditor shall adjust the monthly impound or escrow payment to properly reflect the correct amount anticipated to be due based on the assessed value of the property, taking into consideration any decreased assessed value of the property.

6. Any changes to this loan modification, including any revocation, must be executed by the Creditor or its successor, agent, or assign, as well as the Debtor(s); all signatures must be properly notarized, and

the document must be recorded in the Official Records of ____Santa Clara____ County in order to be effective;

7. Debtors are relying on Creditor's representations regarding its rights, title, and interest in said loan. Debtor(s) are further relying on Creditor's representations that the new principal amount of the loan set forth in said loan modification reflects the addition of past-due loan payments, fees, and costs, all of which are enforceable under bankruptcy and non-bankruptcy law, including applicable federal and state administrative law. Debtor(s) are also relying on Creditor's representations that the loan payments, as modified, have been properly calculated based upon the interest rate(s) provided in the modification. Creditor, accordingly, warrants the accuracy and legal enforceability of these representations, as well as any other representations included in the loan modification document;

8. Said loan modification shall be binding on the parties hereto, and all successors, agents, and assigns of the parties hereto;

9. The recordation of the order following this motion shall not affect the priority of Creditor's rights under the Deed of Trust encumbering Debtors' real property, nor shall it affect the priority of any other Deed of Trust secured by said property; and

10. The Debtor(s) be granted such other relief as is just and proper.

Respectfully submitted,

Dated: 4-5-11

_Norma Hammes_
GOLD and HAMMES, Attorneys
Attorneys for Debtor(s)