James J. Gold          80100
Norma L. Hammes   80149
Jessica A. Begeman 264853
GOLD and HAMMES, Attorneys
1570 The Alameda, #223
San Jose, CA 95126
(408) 297-8750

Attorneys for the Debtors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

David Michael Thompson
    and
Thelma Thompson
                Debtor

Chapter 13
Case No. 10-5-6223 ASW

Date: July 19, 2013
Time: 2:30 p.m.
Judge Arthur S. Weissbrodt

## OPPOSITION TO MOTION OF CAM MORTGAGE TRUST
## FOR RELIEF FROM THE AUTOMATIC STAY

The debtors oppose the motion of the movant, CAM Mortgage Trust, because the debtors are current under their mortgage obligation.

This motion is the result of the errors, the mistakes, and the lack of diligence of the movant, as described below:

### Background of the Motion

1.  On June 15, 2010, their petition date, the debtors were in arrears on real property taxes for the property which is the subject of this motion. The Tax Collector for the County of Santa Clara was listed on Schedule D for $8,317, the amount believed by the debtors to be in arrears (See Court Document No. 1, page 12). The debtors' Chapter 13 plan provided for payment of this amount (See Court

1

Document No. 4, paragraph 2(b)), and their plan was confirmed on September 1, 2010, without changes.

2. At that time, the note presently held by the movant was held by Bank of the West. This note provided for monthly payments of principal and interest totaling $2,060.54, and since the note is fully-amortized and has a fixed interest rate, this amount will not change over its thirty-year term (See Court Document No. 77-5, page 1) although there can be a late charge of 5%, or $103.02 (ibid, page 2; and Court Document No. 77-8, the movant's payment history exhibit to the declaration supporting its motion) which would increase the amount to $2,163.56 for any late payments.

3. By letter to the debtors dated August 16, 2011, Bank of the West informed the debtors that it had paid the Tax Collector $16,571.96, and that it demanded that the debtors reimburse it by increasing their mortgage payment from $2,060.54 to $4,213.73 per month (See Court Document No. 49, page 3). This extra $2,153.19 per month set a reimbursement period of less than eight months and was set at an amount which was not feasible for the debtors to pay.

4. It should be noted that this collection activity by Bank of the West by direct communication with the debtors as described in its August 16, 2011, letter was a clear violation of the automatic stay, and under the well-understood Ninth Circuit decision of In re Schwartz, 954 F.2d 569 (1992), was a void act, and legally it did not change the debtors' monthly payment at all.

5. The debtors brought the letter from Bank of the West to their counsel's office and a responsive letter to Bank of the West was drafted requesting an explanation of the amount paid and suggesting Bank of the West file a proof of claim to substitute for the claim which the Tax Collector had not filed. This letter included a copy of the debtors' plan and of Bank of the West's letter to the debtors (See the copy of the entire letter attached to the certificate of service of the letter on Bank of the West, filed on August 24, 2011, as Court Document No. 49).

2

6. Bank of the West followed the letter's suggestion by filing a proof of claim for its $16,571.96 advance (See Claim No. 28, filed on November 15, 2011), and some time later once it was realized that Bank of the West had filed its claim, the debtors filed a motion for a modification to their Chapter 13 plan to pay Bank of the West for its advance (See Court Document No. 53), and the plan modification was confirmed (See Court Document No. 56). To this date, Bank of the West has not provided any explanation of the amount advanced, but the amount has not been disputed.

7. In the meantime, because Bank of the West was to receive reimbursement for its $16,571.96 advance through the debtors' Chapter 13 plan payments, and because Bank of the West's demand was not effective to increase their payments, the debtors continued to pay their contractual payments of $2,060.54, and when they anticipated that their payments were going to be received a little late, they included the late charge which increased those payments to $2,163.56, as acknowledged by the movant in the declaration supporting this motion. (See Court Document No. 77-8, which is Exhibit F to Court Document No. 77-2, the declaration).

8. Then months later, in what appears to be a two stage process, in April and May 2013, Bank of the West transferred its interest in the debtors' mortgage (or at least its claim) to the movant (See Court Documents No. 71 and 74).

9. In June, 2013, about a month after the movant acquired its interest in this mortgage, the movant's declarant apparently saw Bank of the West's 2011 letter attempting to increase the debtors' monthly mortgage payment, and she apparently saw that Bank of the West had only been receiving its contractual $2,060.54 per month. Apparently without further inquiry, she initiated the movant's motion for relief from the automatic stay. Of course, if she had looked any further and had actually "reviewed the loan service records of Lender before

3

making [her] statements" (Her words; see Court Document No. 77-2, page 2, line 2), she would have seen how the both the debtors and Bank of the West had already resolved the problem of the original $16,571.96 tax advance and she would have also seen that the debtors were current on their loan payments.

10. If the movant's declarant had actually reviewed the records, she would not have jumped to the conclusion that the loan payments were now $4,213.73, and she would not have multiplied this incorrect amount by the twenty-one months shown on her Exhibit F (See this "$4,213.73" amount repeated twenty-one times in the "Amt Due" column, to be "Applied to" the twenty-one monthly payments for "10/1/2011" through "6/1/2013"; Court Document No. 77-8). <u>She then added up these twenty-one improper $4,213.73 payments to create $48,133.28 in **completely artificial** "Post-Petition Delinquencies."</u> Please see the declaration of Karen L. Shoup (Court Document No. 77-2) page 2, line 1 ("I have reviewed the loan service records ...") and page 3, lines 16-22 ("Post-Petition Delinquencies"). Of course she gave credit for the actual payments made by the debtors, but she considered them insufficient in light of her own $4,213.73 payments to which she felt the movant was entitled.

11. It should be noted that even if the increased monthly payment amount of $4,213.73 were correct, *this increase would have terminated in less than eight months in order to recoup the entire $16,571.96 advance* made by Bank of the West. It would never be expected to go on for twenty-one months.

12. It cannot be Moore Crystal-clear here that Ms Shoup, the movant's declarant, had no understanding of the meaning of the numbers she reported; she simply copied numbers blindly onto her declaration and swore that they were true and accurate.

13. <u>Even simple common sense shows that a $16,571.96 advance could never have produced the $48,133.28 delinquency which this motion asserts is cause to allow the foreclosure of the debtors' property.</u>

4

14. And this situation is made all the more offensive in the light of the substantial disbursements which have been made since September 2012 by the Chapter 13 Trustee on the claim filed by Bank of the West (See the copy of the Chapter 13 Trustee's web page showing disbursements to Bank of the West on its claim amount of $16,571.96, a true and correct copy of which is attached hereto).

15. Furthermore, even though the $16,571.96 payment by Bank of the West was made post-petition, the movant's declarant apparently guessed, without inquiry, it to be a "Pre-Petition Arrearage" and it was reported in Ms. Shoup's declaration as a prepetition arrearage without any apparent understanding of its nature or that Bank of the West's superseded $4,213.73 monthly payment was originally intended as its cure and subsequently abandoned.

## Summary

16. In 2011 and 2012, this matter was completely resolved between Bank of the West, the movant's predecessor, and the debtors.

17. Bank of the West filed a proof of claim on which it is being paid, and will continue to be paid until its entire $16,571.96 is reimbursed.

18. Due to impetuosity and lack of diligence, the movant has misstated (under penalty of perjury) the amount of the debtors' monthly mortgage payment in its motion, and <u>the movant has created a completely fictitious arrearage of over forty-eight thousand dollars</u> as the basis for this motion.

19. As a result of these improper actions and omissions of the movant, the debtors have become fearful that they will lose their property in foreclosure even though they know that they are completely current on their payments, they have incurred attorneys' fees to defend this motion, and they are being asked to pay for the movant's attorneys who are pursuing this erroneous motion against them.

## Conclusion

1. This motion should be denied.

2. The movant should not receive from the debtors any compensation or reimbursement for its expenses and its attorneys' fees for bringing this motion.

3. The debtors' expenses for defending this motion should be borne by the movant.

4. The debtors should receive such other relief as may be appropriate.

Respectfully submitted,

Dated: July 17, 2013

James J. Gold
GOLD and HAMMES
Attorneys for the Debtors

**Claim 50**  **BANK OF THE WEST**

13505 CALIFORNIA ST/
NE-BBP-02-M
OMAHA NE 68154
(402) 829-4007

(Use CTRL-P to Print this Page)
Close Window

## CLAIM DETAIL

| Case Number | 1056223 |
|---|---|
| Creditor | BANK OF THE WEST |
| Trustee's Claim Number | 50 |
| Court's Claim Number | |
| Claim Type | A - MORTGAGE ARREARS (S) |
| Claim Filed Date | Tuesday, November 15, 2011 |
| Mortgage Due Date | |
| Debtor Name | DAVID MICHAEL THOMPSON |


Disbursements to this Claim

## CLAIM AMOUNTS

| Claimed Amount | $16,571.96 |
|---|---|
| Scheduled Amount | $0.00 |
| Amount Paid Outside | $0.00 |
| Monthly Payment | $10.00 |
| Principal Owed | $13,811.02 |
| Principal Paid | $2,760.94 |
| Principal Due | $50.00 |
| Interest Rate | 0.00 |
| Interest Paid | $0.00 |
| Interest Due | $0.00 |
| Collateral Value | $325,000.00 |
| Collateral Description | |
| Limit | $0.00 |
| Percent Allowed | 100.00 |
| Months to Calculate | 0.00 |

## CLAIM FLAGS

| Payee Level | 18 |
|---|---|
| Comment | "POSS UNCLM DIV" |
| Account Number | 4564 |
| No Cost | |
| No Check | |
| Delete | |
| | Reserve |
| Stop Disbursement | |
| Continuing | |
| Special | |

## CREDITOR INFORMATION

| Creditor Name | BANK OF THE WEST |
|---|---|
| Address 1 | 13505 CALIFORNIA ST/ NE-BBP-02-M |
| Address 2 | |
| Address 3 | OMAHA NE |
| Zip Code | 68154-0000 |
| Contact Name | |
| Phone Number | (402) 829-4007 |
| Creditor Number ShortCut | |

| Additional Names and Addresses | Date of Last Change |
|---|---|

## PAYMENT HISTORY FOR CLAIM 50 - BANK OF THE WEST

(Latest Payments First)     Insurance-     Prev. Cred-

| Disb Date | Check Number | Payee Name | Type | Amount |
|---|---|---|---|---|
| 3/6/2013 | 2532076 | BANK OF THE WEST | CANCELLED CREDITOR PAYMENT (PRINCIPAL) | ($512.60) |
| 2/13/2013 | 2532076 | BANK OF THE WEST | CREDITOR PAYMENT (PRINCIPAL) | $512.60 |
| 1/9/2013 | 2530036 | BANK OF THE WEST | CREDITOR PAYMENT (PRINCIPAL) | $512.60 |
| 12/12/2012 | 2527975 | BANK OF THE WEST | CREDITOR PAYMENT (PRINCIPAL) | $512.60 |
| 11/15/2012 | 2525863 | BANK OF THE WEST | CREDITOR PAYMENT (PRINCIPAL) | $512.60 |
| 10/11/2012 | 2523734 | BANK OF THE WEST | CREDITOR PAYMENT (PRINCIPAL) | $512.60 |
| 9/12/2012 | 2521633 | BANK OF THE WEST | CREDITOR PAYMENT (PRINCIPAL) | $710.54 |

| | | |
|---|---|---|
| Payee: | BANK OF THE WEST • 13505 CALIFORNIA ST/ NE-BBP-02-M • OMAHA • NE • 68154 | 8/16/2012 |
| Scheduled: | BANK OF THE WEST • 13505 CALIFORNIA ST/ NE-BBP-02-M • OMAHA • NE • 68154 | 8/16/2012 |
| Notice: | BANK OF THE WEST • 13505 CALIFORNIA ST/ NE-BBP-02-M • OMAHA • NE • 68154 | 8/16/2012 |
| Attorney for Creditor: | BANK OF THE WEST • 13505 CALIFORNIA ST/ NE-BBP-02-M • OMAHA • NE • 68154 | 8/16/2012 |

## PAYEE NOTES

0%INT

MOTION TO MOD 7/18/12

ORD MOD 8/15/12

03/06/13 REC'D CK#2532076 CLM#50 (BANK OF THE WEST BUT RET'D BY RUSHMORE) IN THE AMT OF $512.60 RET'D BY CRED WITH A NOTE STATING THE LOAN HAD BEEN SERVICED RELEASED TO BSI. NO TRANSFER OF CLM FILED. I PUT A RESERVE ON THE CLM AS A "POSS UNCLM DIV". IF A TRANSFER IS REC'D I WILL REMOVE THE RESERVE. TC

04/01/13 SPOKE TO ERIN FROM BSI THEY WILL FILE A TRANSFER OF CLM. SHE WAS CONFUSED AS IT APPEARS THEY JUST FILED FOR POST-PETITION ARREARS & NOT THE SECURED PART OF THE CLM. HER PH# IS 972-746-4961. TC

## PAYEE FIELDS DESCRIPTIONS

**No Cost**     A "Y" in this field indicates the system will not calculate trustee fees on disbursements to this claim.

**No Check**    Code which indicates the claim should not be paid or will limit the amount the claim is paid. The valid options are as follows:

- **O**     Indicates claim is to be paid outside the plan.
- **R**     Indicates claim is to be paid at Real Estate Closing.
- **S**     Indicates collateral will be surrendered.
- **X**     Indicates claim has not been filed.
- **Y**     General no check
- **1-9**    Limits the disbursement to this

|  |  |
|---|---|
|  | number times the regular monthly payment |
| **Delete** | A "Y" in this field indicates the claim has been deleted from the plan without actually removing the record. L in this field indicates the claim is to be paid per capita rather than pro rata. This field is normally used for adequate protection claims by indicating an "A" in this field. An "E" is used to flag this claim for "Hard" reserve if using this feature. |
| **Reserve** | Code indicating that disbursements are to be calculated for this claim but reserve the funds rather than paying them out. The valid options are:<br><br>• **H** Calculated disbursements are reserved until they meet or exceed the regular payment amount for the claim.<br>• **M** Calculated disbursements are reserved for one disbursement.<br>• **Y** Calculated disbursements are reserved indefinitely.<br>• **1-9** Calculated disbursements are to be reserved for this number of disbursement cycles. This number will decrease by 1 each disbursement cycle. |
| **Stop Disbursement** | Code which prevents the system from disbursing. However, the system will disburse any arrearage accumulated on this claim. Normally a "Y" is used for a generic stop disbursement. The numbers 1-9 will cause the system to not disbursement on this claim for this number of disbursement cycles. The number will decrease each disbursement cycle. |
| **Continuing Flag** | A "Y" in this field indicates this claim is a continuing debt such as an ongoing mortgage payment. |

James J. Gold, #80100
Norma L. Hammes, #80149
Jessica A Begeman #264853
GOLD and HAMMES, Attorneys
1570 The Alameda #223
San Jose, CA 95126
(408) 297-8750
Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

David Michael Thompson
Thelma Thompson

Debtors                              /

Chapter 13
Case No. 10-5-6223 ASW

CERTIFICATE OF SERVICE RE
OPPOSITION TO MOTION OF CAM MORTGAGE
TRUST FOR RELIEF FROM THE AUTOMATIC
STAY

I, the undersigned, declare that I am employed in the County of Santa Clara. I am over the age of 18 years and not a party to the within entitled action. My business address is 1570 The Alameda, Suite 223, San Jose, California.

On July 17, 2013, I served the within OPPOSITION TO MOTION OF CAM MORTGAGE TRUST FOR RELIEF FROM THE AUTOMATIC STAY by placing a true copy thereof in a sealed envelope with postage thereon prepaid in the United States Mail at San Jose, California, addressed as follows:

**Reilly D. Wilkinson
Scheer Law Group
155 North Redwood Drive, Suite 100
San Rafael, California 94903**

I also on this day served the above by telephone facsimile at 415-491-8910 with a true and correct copy of the within OPPOSITION TO MOTION OF CAM MORTGAGE TRUST FOR RELIEF FROM THE AUTOMATIC STAY.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on July 16, 2013, at San Jose, California.
Dated: July 17, 2013

# HP LaserJet 3055

# Fax Call Report

GOLD and HAMMES
408-297-1189
Jul-17-2013   4:19PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 25175 | 7/17/2013 | 4:16:57PM | Send | 914154918910 | 2:36 | 9 | OK |

